**LIAN FANG OUYANG, Petitioner**

v.

**Alberto R. GONZALES,**[1] **Attorney General, Respondent.**

**No. 04–1000–ag.**

United States Court of Appeals, Second Circuit.

May 26, 2006.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Alberto R. Gonzales is automatically substituted for former Attorney General John Ashcroft as the respondent in this case.

Fengling Liu, New York, NY, for Petitioner.

Colm F. Connolly, United States Attorney for the District of Delaware, Patricia C. Hannigan, Assistant United States Attorney, Wilmington, DE, for Respondent.

PRESENT: JOSEPH M. McLAUGHLIN, JOSÉ A. CABRANES and PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Lian Fang Ouyang, though counsel, petitions for review of the BIA decision affirming the decision of Immigration Judge ("IJ") Joseph Russelberg, denying her applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

This Court reviews the IJ's decision where, as here, the BIA summarily adopted or affirmed the IJ's decision without opinion. *See Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. *See* 8 U.S.C. § 1252(b)(4)(B); *Jin Hui Gao v. United States Att'y Gen.,* 400 F.3d 963, 964 (2d Cir.2005).

The IJ determined that Ouyang was not credible on four different grounds: (1) the discrepancy between her household registry and statement in support of her asylum application and her testimony at the hearing in regard to educational attainment; (2) the implausibility that a church was built in her village; (3) the implausibility of her claim that she was beaten, arrested and detained; and (4) her failure to corroborate her testimony with documentary evidence. Additionally, the IJ determined that Ouyang had not suffered past persecution because she had failed to allege physical injury and that she did not have an objective fear of future persecution based on her religious practices.

█ Here, the four grounds underlying the IJ's adverse credibility decision are unsupported by the record. First, the supposed discrepancy between Ouyang's household registry and her testimony, which led the IJ to conclude that Ouyang was deliberately understating her level of educational achievement, was not supported by substantial evidence and, furthermore, was immaterial to her claim that she was being persecuted in China based on her religion. Second, the IJ's determination that Ouyang's claims in regard to the construction, and subsequent destruction, of a church in her village, was implausible is similarly unsupported by substantial evidence. The IJ's conclusion that the villagers could not have built a church using volunteer labor was based on a misunderstanding of Ouyang's testimony.

Moreover, the IJ's determination that the church would not have escaped the observation of the local cadres was similarly refuted by Ouyang's testimony. Third, because the IJ's sole basis for finding Ouyang's arrest and detention implausible was that it was related to the prior implausibility, and because that prior implausibility was incorrect, there is insufficient evidence to doubt Ouyang's claim. Fourth, the IJ's finding that Ouyang's testimony was uncorroborated was insufficient to sustain a denial of Ouyang's asylum claim, as the IJ failed to address the inability of Ouyang's relatives, who she claimed had fled their home in China based on religious persecution, to provide written and corroborative affidavits. *See Diallo v. INS*, 232 F.3d 279, 290 (2d Cir.2000). Thus, the IJ's adverse credibility determination was not sufficient to deny Ouyang's asylum claim.

█ Furthermore, the IJ's determination that Ouyang did not suffer past persecution or have an objective fear of future persecution was similarly unsupported by substantial evidence. First, the IJ ignored Ouyang's claim that she was beaten by the police when arrested. *See Tian–Yong Chen v. U.S I.N.S.*, 359 F.3d 121, 128 (2d Cir.2004). Second, the IJ's determination that none of Ouyang's family members had faced persecution based on their religious beliefs, and that she had not been targeted by the government after her arrest, was rebutted by Ouyang's testimony that her sister and brother were forced to flee their home based on their persecution. Similarly, Ouyang testified that government officials came to her home after her arrest to seize religious items and other property. *See Diallo*, 232 F.3d at 284 (noting that a fear is objectively reasonable if there a slight, but discernable, chance of persecution).

Therefore, for the foregoing reasons, the petition for review is GRANTED, the order of the BIA is VACATED, and the action is REMANDED for further proceedings. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2) and Second Circuit Local Rule 34(d)(1).